

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-90,415-01 and WR-90,415-02

### ALEXANDER PALMA, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 2015CR4703-W1 AND 2015CR4301-W1
### IN THE 379TH DISTRICT COURT FROM BEXAR COUNTY

KELLER, P.J., filed a dissenting opinion in which KEASLER, HERVEY and YEARY, JJ., joined.

The Court concludes that the Parole Board violated the 41-day requirement for affording a parole revocation hearing. But the 41-day requirement does not apply here because issuance of the blue warrant for Applicant was based, at least in part, on his arrest for a criminal law violation (possession of a controlled substance). The Court is correct to conclude that Applicant has suffered a due process violation, but, as we shall see, the Court imposes an improper remedy for that violation.

### A. Statute

The relevant statutory provision relied upon by the Court applies only if the blue warrant is based solely on an administrative violation of a condition of release:

Except as provided by Subsection (b), a parole panel, a designee of the board, or the department shall dispose of the charges against an inmate or person described by Section 508.281(a):

(1) before the 41st day after the date on which:

(A) a warrant as provided by Section 508.251 is executed, if the inmate or person *is arrested only on a charge that the inmate or person has committed an administrative violation of a condition of release*, and the inmate or person is not charged before the 41st day with the commission of an offense described by Section 508.2811(2)(B).[1]

But the blue warrant in Applicant's case was based at least partly on a new criminal law violation.

The habeas court recognized this in its Conclusion of Law 14:

It could be argued that Applicant does not fall under the first requirement of Section 508.282(a)(l)—that he be arrested only on an administrative violation charge. First, Applicant's drug offense in Atascosa County is included on the Parole Division "Violation Report," which noted that, although Applicant was instructed "to commit no offense against this state," on February 15, 2019 he was arrested for possession of a controlled substance less than I gram. Second, the March 18, 2019 preliminary revocation hearing "Hearing/Waiver Results" report reflects the drug possession offense as one of the violation allegations. Thus, the question is whether Applicant was arrested on 02/15/2019 only on a charge that he committed an "administrative" violation of a condition of release. An "administrative" violation of parole is a "technical" violation. [Citation omitted]. It does not appear that Applicant was arrested on a "technical" violation. He was arrested for possession of a controlled substance.

The 41-day requirement also applies when the sentence for the new offense has been discharged or when the prosecution for the new offense has been dismissed,[2] but neither of those situations has

---

[1] Tex. Gov't Code § 508.282(a)(1)(A) (emphasis added).

[2] *Id.* § 508.282(a)(1)(B), (2):

[blue-warrant charges to be disposed of by the 41st day when:]

(B) the sheriff having custody of an inmate or person alleged to have committed an offense after release notifies the department that:

(I) the inmate or person has discharged the sentence for the offense; or

occurred here.[3]

## B. Due Process

Due process requires that a revocation hearing occur "within a reasonable time after the parolee is taken into custody."[4]  The Supreme Court has indicated that a lapse of two months is reasonable.[5]  The lapse of more than six months in this case, however, appears to be unreasonable.[6]  Nevertheless, the Court's remedy of ordering a dismissal of the revocation proceedings appears to be improper.[7]  The Court cites no authority for the proposition that dismissal of revocation proceedings is a proper remedy for the failure to afford a timely hearing.  In general, "remedies should be tailored to the injury suffered from the constitutional violation and should not

---

(ii) the prosecution of the alleged offense has been dismissed by the attorney representing the state in the manner provided by Article 32.02, Code of Criminal Procedure;  or

[3]  There is also a provision requiring that blue-warrant charges be disposed of within a "reasonable time," but there is no showing here that the requirements of that provision have been met. *See id.* § 508.282(a)(2) (blue-warrant charges must be disposed of "within a reasonable time after the date on which the inmate or person is returned to the custody of the department, if: (A) immediately before the return the inmate or person was in custody in another state or in a federal correctional system; or (B) the inmate or person is transferred to the custody of the department under Section 508.284.").

[4]  *Morrissey v. Brewer*, 408 U.S 471, 488 (1972).

[5]  *Id.*

[6]  *See Atkins v. City of Chicago*, 631 F.3d 823, 827 (7th Cir. 2011) (concluding that "reasonable time" is "normally two months"); *United States v. Dobson*, 585 F.2d 55, 61 (3d Cir. 1978) ("Indeed, parole violation custody, determined by the boundaries of due process, may be required to conclude even earlier than pretrial custody.") (citing "two months" passage in *Morrissey*).

[7]  I question whether we have the authority to order the Board of Pardons and Paroles to hold a hearing when due process, rather than the violation of a statute, is the basis for relief.  Under my disposition, that issue need not be decided.

unnecessarily infringe on competing interests."[8] Due process would be satisfied either by a prompt hearing or by Applicant's release,[9] neither of which requires a dismissal of the revocation proceedings. Instead, the appropriate due-process remedy appears to be to conditionally order Applicant's release unless a sufficient reason for his continued confinement—e.g. a parole revocation hearing resulting in a decision to revoke—is proffered within a short period of time.[10] Consequently, I would order that Applicant be released within 10 days unless the Parole Board holds a revocation hearing in that time and decides to revoke Applicant's parole or the State shows within that time that Applicant must remain confined for reasons other than the complained-of parole-revocation warrant.

Because the Court's remedy of ordering the dismissal of the revocation proceedings is improper, I respectfully dissent.

Filed: December 11, 2019

Publish

---

[8] *United States v. Morrison*, 449 U.S. 361, 364 (1981).

[9] *See Moody v. Daggett*, 429 U.S. 78, 86-87 (1976) (no due process violation if not in custody); *United States v. Murillo*, 495 U.S. 711, 721-22 (1990) (When Government has failed to meet a timely hearing requirement, it should be afforded the opportunity to hold such a hearing to show that detention is warranted before the detained person is ordered released.).

[10] *See Murillo*, *supra*.